Curia, per
Colcock, J.
It is the duty of the court to give such a construction to the acts of the legislature as will carry into effect their obvious intention. The construction which has been given to this act by the presiding judge accords with its letter, but it is in direct opposition to its spirit, and must entirely defeat its operation; for it is notin one case in an hundred that the order for sale can be obtained at the same court at which the judgment is obtained; and it may very often happen that the intermediate judgment, which gives jurisdiction to the court, is obtained at the same court with the l^jBfltent on the debt secured by the mortgage. Now whe®the *265 act gave the power to the court of common pleas to foreclose a mortgage, it cannot be questioned but that it was intended to give some notice of the proceedings by which it was to be foreclosed to the mortgagor. The legislature never meant any thing so absurd and oppressive, as that a man should be deprived of his rights without some notice, or some opportunity of being heard. The court therefore made the 43d rule to meet this view of the subject, which directs that “ in suits on bonds or other papers secured by mortgage of real estate, the plaintiff shall obtain judgment as in other cases, and if he wishes to have a special order for the sale of the property mortgaged, he shall at any time pending the suit, or after judgment, file a suggestion, stating the time when the parties by and to whom, and the conditions upon which the same was made, and the description, buttings, and boundings of the land, and such other particulars as may be necessary to bring all the circumstances before the court; and when this is done he shall serve on the defendant or the attorney a ten day rule to shew cause why such mortgaged estate should not be ordered to be sold, and upon the return of that rule he may move the court for such order.”
The law is certainly very inartificially drawn, and I will not say that the rule is the best which could be made to carry the law into effect, but they may receive such a construction as will meet every case contemplated by the act and afford that remedy which is indispensably necessary in most cases.
In the first place the law gives the power to the court lo order the sale of the mortgaged property for the satisfaction of the monies secured by the mortgagee. Now this is a complete and substantial grant of power. What follows is matter of discretion, and to give a reasonable extension of the time when the sale is to take *266 place, not exceeding the term of six months from the judgment. That is, when the order is immediately made at the time of obtaining the judgment, the sale shall take-place within six months, and when made at any subsequent period, at any time within six months.
The object of the law. was to save expense and to furnish a more expeditious mode of foreclosing mortgages than that practised in the court of equity; for in cases where the amount was not great such is the expense attending that court and the delays incident to that mode of administering justice, that it would be better for the party holding a mortgage to abandon it altogether rather than attempt to foreclose it in equity. Now it will at once be perceived that where the rule is not served on the defendant before the court sits, and before the judgment is obtained, the order for sale can never be obtained at the same court at which the judgment is entered up. Again to give the act the construction which it has received on the circuit, would be to compel every creditor immediately to proceed to sell his debtors property; and it cannot be imagined that such was the intention of the legislature. The creditor when he wishes to foreclose his mortgage may file his suggestion at any time after the suit is commenced, and he may serve the debtor with the notice to appear at the court which he expects to get a judgment, and if he should obtain the judgment and there be no opposition the order may be made, but if he does not wish to distress or press his debtor, or if on the return of the rule, any objection should be made which could not be immediately determined, then the act could not operate. If the construction which it has received be sanctioned, thus and in many other ways would it be rendered inoperative. But we feel bound to carry the act into effect and see no such ambiguity in its language or provisions as to prevent us from doing so.
*267 It is therefore ordered that the land be sold at any sale day before the first Monday in January next, if the defendant shall not within that time pay to the plaintiff the full amount of principal, interest and costs due by him at that time, and that the same be sold on a credit of twelve months. The titles to be signed but not delivered until the money be paid, according to the terms of sale, ahd if the amount of the purchase money be not paid when due, the sheriff shall re-sell by virtue of the same levy, on account of the former purchaser, for cash. Terms to be, declared at the sale,

fíale ordered